UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------------x
LAMONT PETTUS,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK; JOSEPH LAMASSA;
MARIANNA LOWENFELD; KAREN HILL;
JOHN DOE; JOHANNE MACOYOUX;
RICHARD M. BOYE; and MICHAEL SCARCELLA,

                    Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-1442 (CBA)

AMON, United States District Judge:

Pro se plaintiff Lamont Pettus filed this action pursuant to 42 U.S.C. § 1983 ("§ 1983") on March 29, 2010. Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted, the complaint is dismissed in part, and the claims against the remaining defendants may proceed.

## BACKGROUND

Plaintiff alleges that he was falsely arrested and maliciously prosecuted for a March 31, 2007 shooting that he did not commit. The victim, identified in the complaint as Aaron George, was shot through a closed apartment door. (Complaint at 3, 6.)[1] Plaintiff alleges that defendant Detective Joseph LaMassa failed to thoroughly investigate the case, and instead fabricated a case against plaintiff. (Id. at 3.) Plaintiff alleges that he was arrested on April 4, 2007 when he reported to his probation officer, defendant Karen Hill, on his scheduled reporting date. (Id.) Plaintiff was taken into custody on April 4, 2007 and arraigned on April 5, 2007. (Id. at 4.)

---

[1] The pages of the Complaint are not paginated. Accordingly, the Court refers to the page numbers consecutively assigned by the Electronic Case Filing system.

In addition to the charges involving the shooting, the arrest warrant alleged a probation violation on plaintiff's federal conviction and sentence. (Complaint at 3.)

At the arraignment, defendant John Doe, an assistant district attorney "fabricated the victims [sic] information" by identifying plaintiff as the shooter and describing an incident in which plaintiff and the victim argued over money stolen by the victim. (Complaint at 4.) Plaintiff was assigned counsel from the Legal Aid Society, defendant Marianna Lowenfeld. Plaintiff alleges that he informed Lowenfeld that he wanted to testify before the grand jury. (Id.) However, he was not produced when the case was called before the grand jury on April 10, 2007. (Id. at 4-5.) On June 11, 2007, defendant Johanne Macajoux,[2] another assistant district attorney, presented an indictment and a grand jury synopsis sheet that plaintiff alleges included fabricated testimony from the victim. (Id. at 5.)

Plaintiff went to trial on April 18, 2008 before a jury and the Honorable Vincent M. Del Giudice. The State's first witness was defendant Michael Scarcella, who "states clear in the trial transript [sic] that he fabricated police papper work" [sic]. (Complaint at 6.) The second witness was Aaron George, the victim of the shooting. He testified that plaintiff was not the shooter, that he had informed defendant Richard Boye that plaintiff was not the shooter, but that "Mr. Boye still insisted on him to say otherwise." (Id.) The jury reached a verdict of "not guilty" on April 21, 2008. However, plaintiff was held on the probation violation until his release from federal custody on January 1, 2009. (Id.)

Plaintiff seeks $7.5 million in damages "for pain and suffering." (Id.)

---

[2] Plaintiff spells the name as both "Macajoux" and "Macoyoux."

2

## DISCUSSION

A. Standard of Review

In reviewing the complaint, the Court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B. No Claims against the City of New York

A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Plaintiff does not attribute the violation of his constitutional rights to any policy or practice of the City of New York. Accordingly, all claims against the City of New York are dismissed.

C. No Civil Rights Claims against a Private Attorney

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing Tuttle, 471 U.S. at 816).

Plaintiff's claims against his appointed counsel, Marianna Lownfeld, must be dismissed because private attorneys are not "state actors" for purposes of § 1983. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983."). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Accordingly, all claims against defendant Lowenfeld are dismissed.

## CONCLUSION

For the reasons set forth above, the claims against defendants City of New York and Marianna Lowenfeld are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against those defendants. Plaintiff's remaining claims may proceed. The Court respectfully directs the Clerk of Court to issue summonses to the

4

remaining defendants and directs the United States Marshals Service to serve copies of the Complaint, this Order, and the summonses on these defendants. A courtesy copy of the same papers shall be mailed to the Corporation Counsel of the City of New York. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 6, 2010

/Signed by Judge Amon/
/Carol Bagley Amon
United States District Judge